UNITED STATES DISTRICT COURT
FILED
MAR 30 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

21-CR-200

PEDRO MELENDEZ

Defendant.

# PLEA AGREEMENT

The defendant, PEDRO MELENDEZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [attempted receipt of child pornography], for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court

must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3. The defendant understands that the Court must impose an assessment of not more than $35,000 for each offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(2), in addition to any other criminal penalty, restitution or special assessment.

4. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(b)(2), the Court must order restitution for the full amount of the compensable losses of the victim, but no less than $3,000 per victim. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

5. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving

a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. The defendant knowingly attempted to receive a visual depiction;

b. The visual depiction was child pornography, as defined in Title 18 United States Code, Section 2256(8);

c. The defendant knew that the visual depiction he would receive, or attempt to receive, constituted child pornography; and

d. The child pornography would have been shipped or transported using any means or facility of interstate or foreign commerce or would have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. In or around July 2021, the defendant, a 25-year-old father of four minor children, engaged in sexually explicit communications while residing in the Western District of New York, with Minor Victim, who was 11-years-old residing in Connecticut, via several email and PlayStation accounts and applications. The defendant specifically asked Minor Victim whether she was 11-years-old, and, after she confirmed as much, he continued to engage in sexually explicit conversations with Minor Victim.

b. The conversations included, among other things, the defendant saying "[y]ea but if I come out say you ready to choke on a fat one with that pretty mouth that's not right lol," "I wanna clap cheeps sike," "[l]ike I said ya ain't ready for that," and "I put a meat stick in your anus lmao." The defendant also told Minor Victim to delete her messages saying "[t]hen ya might show people then I'm a pedophile," and "[o]nly because your[*sic*] young enough to be my kid."

c. During the conversations, the defendant asked Minor Victim to send him sexually explicit images of herself to include images of her vagina. Examples of these message include ""[y]our the cutest lil thing wish I had a pic to admire tho," "[o]nly 7 yrs to go I guess," and "[d]o ya even have boobs yet"? When MINOR VICTIM answered "yuh," MELENDEZ responded "[w]hat no way lol" and then said "[y]a gonna have to sneak your dad's phone."

d. As they continued to message, the defendant asked repeatedly for Minor Victim to send him a picture. Minor Victim sent a picture of her face, after which the defendant sent a picture of his groin area where his penis outline is visible through the clothing, commenting "[y]es had to angle my camera weird so the print showed lol." The defendant then said that wished he lived near Minor Victim so that he could be her "teacher" and her "training partner." He went on to say that he was horny from the thought of seeing Minor Victim's "booty," after which Minor Victim then sent an image of her

butt (with clothes on). The defendant later asked Minor Victim for a picture of "[her] boobs" "or that booty bare lmao." MELENDEZ then told the MINOR VICTIM to masturbate, saying; "Lmao ya should play with yourself jk".

e. The defendant continued to send Minor Victim images of his penis, while continuing to ask Minor Victim to send him naked images of herself. The defendant pressed Minor Victim saying he would he wanted to use the images to "help me out" and "make me bust." He asked her to "[l]et [him] see that pussy wet" and said he wanted to see "that tint (sic) pussy of yours," which he subsequently corrected as "tiny." The defendant then specifically asked for "a pic of your pussy, ass, and take a pic of your tits and face in the same one." The defendant then said that after Minor Victim sends the pictures, they could masturbate together. He also told her that he wanted her to give him oral sex, saying "wanna mouth fuck you." The defendant then sent another image of a penis, which he claimed to be his saying "look I'm almost fully hard help me out." The defendant continued to repeatedly ask for the images.

f. When Minor Victim said that she could not access the app from a different phone, the defendant instructed her to text it to him and provided her with his phone number. The defendant then advised her to delete the number after, in an apparent attempt to avoid having their communications be discovered.

## III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

10. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

11. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristics do apply:

a. The **four-level** increase pursuant to Guidelines § 2G2.1(b)(1) [offense involve a minor who had not attained the age of twelve years]; and

b. The **two-level** increase pursuant to Guidelines § 2G2.(1)(b)(6) [the offense involved the use of a computer].

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

15. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16. It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 168 to 210 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

17. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

19. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

21. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

22. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

23. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 21-mj-1043.

24. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

25. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE PROVISIONS

28. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following electronic equipment which was seized by law enforcement officials based upon the defendant's consent to search:

a. One Motorola XT1952-4 Moto G7, Unit Identifier #1563255132.

29. Since the electronic equipment was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the electronic equipment and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

30. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

31. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice

of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

32. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth

Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

33. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed above as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

34. This plea agreement represents the total agreement between the defendant, **PEDRO MELENDEZ**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: [signature]
CAITLIN M. HIGGINS
Assistant United States Attorney

Dated: February 28, 2022

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, MaryBeth Covert, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

PEDRO MELENDEZ
Defendant

Dated: February 28, 2022

MARYBETH COVERT, ESQ.
Attorney for the Defendant

Dated: February 28, 2022