IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                         21-cr-200

PEDRO MELENDEZ,

                Defendant.

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, Attorney for the United States for the Western District of New York, Caitlin M. Higgins, Assistant United States Attorney, of counsel, hereby submits its response in opposition to defendant's sentencing memorandum [Docket No. 56].

## PRELIMINARY STATEMENT

"I am 11 why?" Those four words should have stopped the defendant in his tracks — he was, in fact, messaging with a child. But did he stop? No. He persisted with the knowledge of his victim's young age only fueling his depraved desire further.

The defendant sent an 11-year-old child — a **real** child — vile messages and sexually explicit images of himself. He begged the child to take sexually explicit images and to send them to him so that he could masturbate. He pleaded with her saying things like "[t]hat's all ya gotta do and take maybe 4 pics for me," including "a pic of your pussy, ass, and take a pic of your tits and face in the same one." The defendant implored the child to "help [him] out" because he was "almost fully hard." The defendant grew frustrated and impatient when the child said she was unable to send him photographs because she did not have a phone. Indeed,

the defendant was so desperate that he told the child to use phones belonging to her father and sister to send him images.

The child, who was likely experiencing any number of emotions, such as confusion, fear, shame, did not send the defendant a sexually explicit image of herself. Instead, she sent an image she googled online. Incredibly, the defendant attempts to leverage this fact, that a child was unable to send him child pornography of herself, to seek a significant downward departure in his sentence. The defendant requests a sentence of 60-months imprisonment, a departure on the low end of the guidelines of 108 months (9 years), and on the high end of the guidelines of 150 months (12.5 years). For all the reasons stated below, the Court should sentence the defendant to a guideline sentence.

## PROCEDURAL HISTORY

On January 27, 2021, the defendant was charged pursuant to a criminal complaint with violations of 18 U.S.C. §§ 2251(a) (attempted production of child pornography) and 2422(b) (attempted enticement of a minor), which carry mandatory minimum sentences of 15 and 10 years, respectively. On March 30, 2022, the defendant pleaded guilty to a one-count information charging him with attempted receipt of child pornography. *See* Docket No. at 40. The plea agreement reflected an understanding that "[p]ursuant to Sentencing Guidelines § 1B1.2(a) . . . the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a)." *Id.* at ¶ 10. As such, the plea agreement calculated the defendant's sentencing guideline range at 168-210 months. *Id.* at ¶ 16. The Presentence Investigation Report ("PSR") calculated the same guideline range. *See* Docket No. 47 at ¶ 57. Despite agreeing to the correctness of the calculation of the guideline range, the defendant now comes

before this Court asking for a sentence of only 60 months, the minimum possible sentence for receipt of child pornography.  *See* Docket No. 56.  Such a sentence would ignore the sentencing guidelines, is inconsistent with the Section 3553(a) factors, and is fundamentally unjust.  Instead, the Court should impose a sentence of, at the very least, 168 months, which is an appropriate sentence in light of the defendant's conduct and is sufficient but not greater than necessary to comply with the sentencing goals set forth in Section 3553(a).

## STATEMENT OF FACTS

The government concurs with and relies upon the statement of facts outlined in the PSR at paragraphs 12 through 29.  The government notes that although the PSR captures only a portion of the chat history between the defendant and the minor victim, it adequately captures the nature of the exchanges.

## ARGUMENT

### I. PURSUANT TO 18 U.S.C. § 3553(a), THE COURT SHOULD SENTENCE THE DEFENDANT TO A LOW-END GUIDELINE RANGE SENTENCE.

Sentencing the defendant to at least 168-months imprisonment provides for a punishment that is sufficient but not greater than necessary based on the defendant's conduct.  The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated.  "Advisory," however, does not mean irrelevant.  The Court is not "free to ignore the Guidelines, or to treat them merely as a 'body of casual advice.'"  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005).  Yet this is what the defendant proposes.  The defendant asks for a sentence of 60 months, less than half the low end of the guideline range as calculated in the plea agreement and PSR.  The guidelines should not be cast aside so lightly.

3

After considering the Guidelines, the Court must then fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* The United States contends that a sentence of 168 months is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE WARRANT A SENTENCE OF 168-MONTHS IMPRISONMENT.

The defendant's conduct warrants a prolonged period of incarceration. He victimized an 11-year-old girl. He did so **knowing** that she was only 11 years old. And he persisted in his conduct despite **knowing and acknowledging** that was he was doing was wrong. The defendant only stopped when he got caught.

In the summer of 2020, the defendant was a 25-year-old father of four minor children — the oldest of whom was 9 years old at the time. The defendant began contacting the minor victim over PlayStation and confirmed that she was 11 years old — only two years older than his oldest child. The defendant's exchanges with the minor victim became, almost immediately, sexual in nature. The defendant sent lewd messages to the minor victim such as: "[y]ea but if I come out say you ready to choke on a fat one with that pretty mouth that's not right lol," "I wanna clap cheeps sike," "[l]ike I said ya ain't ready for that," and "I put a meat stick in your anus lmao." They also included the defendant sending minor victim images of his penis, while begging the minor victim to touch herself and to send him sexually explicit images of herself.

4

The defendant pressed minor victim saying that he wanted to use the images to "help [him] out" and "make [him] bust." He asked her to "[l]et [him] see that pussy wet" and said he wanted to see "that tint (sic) pussy of yours," which he subsequently corrected to "tiny," evincing an unequivocal sexual interest in children. The defendant directed the minor victim to take "a pic of [her] pussy, ass, and take a pic of [her] tits and face in the same one." The defendant told the minor victim that if she sent him sexually explicit images, they could masturbate together. He also told her that he wanted her to give him oral sex, saying "wanna mouth fuck [her]." The defendant then sent another image of a penis, which he claimed to be his saying "look I'm almost fully hard help me out." Indeed, the defendant asked repeatedly for minor victim to send him sexually explicit images, his frustration with her building when she resisted. Minor victim sent a picture of her face, after which the defendant sent a picture of his groin area where his penis outline is visible through the clothing, commenting "[y]es had to angle my camera weird so the print showed."

Further, the defendant told the minor victim, who at this point was professing her love for the defendant, that he wished he lived near her so that he could be her "teacher" and her "training partner." He went on to say that he was horny from the thought of seeing minor victim's "booty," after which minor victim then sent an image of her butt (with clothes on). The defendant later asked minor victim for a picture of "[her] boobs," "or that booty bare lmao." The defendant then told the minor victim to masturbate, telling her "ya should play with yourself."

Critically, the messages also reveal a particularly vulnerable victim. Not only was she 11 years old, but she continuously expressed (1) insecurity about her image and body, (2) anxiety about being used by the defendant like she had been by others, and (3) immaturity in

5

telling the defendant, a stranger, that she loved him (he told her he loved her as well). The defendant assuaged the victim's fears and doubts — even telling her that he would be her teacher — to attempt to gain her trust all in the name of inducing her to send him sexually explicit photos of herself so that he could masturbate to them.

The defendant largely ignores the nature and circumstances of the offense. He, however, argues that he should be spared a guideline sentence because he was charged with attempt to produce child pornography. In essence, the defendant argues that because his efforts to entice the minor victim to produce child pornography failed, he is entitled to a lighter sentence. He is wrong. U.S.S.G. § 2X1.1(b)(1) provides that where a defendant is charged with attempt, the sentence should "decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense . . ." The defendant unequivocally completed all the acts the defendant believed necessary for successful completion of the offense — he even begged the minor victim to use someone else's phone to produce the child pornography. This guideline section reflects that where, as here, the defendant intended to and took all the steps needed to commit a crime, he should be treated according to the appropriate guideline sentence without a departure based on failed efforts. *See, e.g.*, *United States v. Leija*, 833 F. App'x 477, 479–80 (11th Cir. 2020) (holding where defendant took all steps necessary for production of child pornography, U.S.S.G. § 2X1.1(b)(1) departure not warranted).

In the same vein, he contends that this case merits a lighter sentence because "this is not a contact case," and the defendant "made no effort to meet up with the victim here." Defendant ignores that lack of physical contact is largely common in today's production cases. Indeed, like the defendant attempted to do here, "offenders predominantly use easily

accessible technologies such as cell phones and web cameras to produce child pornography" and committed their offense alone. *See* United States Sentencing Commission, "Federal Sentencing of Child Pornography Production Offenses," at 34-35 (Oct. 2021) *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20211013_Production-CP.pdf [hereinafter USSC Report]. And, just like this defendant attempted here, a substantial minority of offenders (36.5%) had victims create content at the offender's request. *Id.* Where there was sexual contact, which, in 2019, occurred in about 81% of cases, over 25% involved victim engaging in sexual contact alone or with another victim. *Id.* at 35. Where the offender was in a remote location, 60% involved the victim engaging in sexual contact alone. *Id.* at 36. The average sentence in FY 2019 where the victim engaged in sexual contact alone was 244 months. *Id.* at 47. That technology makes the crime easier to commit from afar does not mean that defendants should be rewarded.

Furthermore, defendant cites to *United States v. Hays* and *United States v. Coyne* as analogous to this case and in support of his request for 60-months. But those cases did not involve a live victim. This case does, and that victim will be forever scarred because of the defendant. In contrast, *United States v. Alvarez*, 20-cr-99 is a recent case that is closer to the case at bar. There, the defendant, who is the same age as this defendant, communicated over social media with a 14-year-old girl. There, the defendant engaged in the same conduct and the victim did send him images.[1] Despite the fact that the defendant had some mental deficiencies, Judge Sinatra sentenced the defendant to 120-months imprisonment — 60

---

[1] The government concedes that there was evidence of a second victim in *Alvarez*. The defendant plead only to the conduct involving one victim.

months higher than what the defendant here seeks. *Alvarez* demonstrates that a 60-month sentence is plainly inadequate under these factual circumstances.

Finally, the defendant's argument that he deserves a 60-month sentence because a search of his devices did not reveal any child pornography is unavailing for two reasons. First, the defendant knew how to avoid detection. He instructed the victim here to delete her messages and he utilized several accounts on PlayStation as well. In addition, he would block the victim on certain accounts after a period of time. This is common for child pornography defendants and concerning to the government. Second, even if the defendant did not regularly engage in child pornography, the USSC Report revealed that even those offenders who did not engage in additional child pornography conduct still received an average sentence of 245 months. *Id.* at 49. Accordingly, the Court should deny the defendant's request for a 60-month sentence because the nature and circumstances of the offense warrant a low-end guideline sentence.

### B. THE DEFENDANT'S ATTACKS ON THE SENTENCING GUIDELINES ARE MERITLESS AND DO NO war A 60-MONTH SENTENCE.

The defendant's main argument in support of his significant downward departure request is that the guidelines are too severe. The guidelines for child pornography offenses are severe because the crime is heinous. The guidelines for child pornography offenses are severe because they involve the country's most vulnerable citizens: children. This is particularly true of production offenses.

This is a case involving the attempted production of child pornography. This is not a possession case. Nor is this a receipt case, despite the defendant's plea agreement. The defendant misconstrues this fact in citing to *United States v. Bleu*, 930 F.3d 35 (2d Cir. 2019). There, the Second Circuit cited to *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010),

8

and reiterated its admonishment to district courts to "'take seriously the broad discretion they possess in fashioning sentences under § 2G2.2,' recognizing that it is a unique Guideline that can "easily generate unreasonable results.'" *Bleu*, 930 F.3d at 641 (quoting *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010)). Neither *Bleu* nor *Dorvee* involved underlying attempted production or enticement conduct. And neither featured any contact with children — virtually or otherwise. "Under those narrow circumstances—i.e., where the defendant **was not involved in production of child pornography and had no contact with children**— we noted that a straightforward application of the sentencing Guidelines 'can lead to unreasonable sentences that are inconsistent with what [ 18 U.S.C.] § 3553 requires.'" *United States v. Muzio*, 966 F.3d 61, 64–66 (2d Cir. 2020) (quoting *Dorvee*, 616 F.3d at 184) (emphasis added)). Moreover, the Second Circuit held that "[i]t is in this limited context that we warned that strict adherence to the Guidelines could result in "virtually no distinction between the sentences for ... the most" and least serious offenders because many of the sentencing enhancements in U.S.S.G. § 2G2.2 "are all but inherent to the crime of conviction.'" *Id.* The concerns articulated in *Dorvee* are therefore inapplicable here, where the defendant was involved in the attempted production of child pornography and had direct contact with a child victim. *Id.* at 65.

      The defendant's attacks on the sentencing guidelines are unavailing because his conduct involved the attempted production of child pornography. Accordingly, the Court should deny the defendant's request for a 60-month sentence and impose a low-end guideline range sentence.

### C. THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT DO NOT SUPPORT A BELOW-GUIDELINE RANGE SENTENCE.

The government does not contest that the defendant has no criminal history. This, however, is a largely unremarkable fact with respect to child pornography offenders and should not compel the Court to grant the defendant's request for a 60-month sentence. Indeed, in FY 2019, the Sentencing Commission found that 70.3% of production offenders had a criminal history category of I. *See* USSC Report at 18. Thus, the Court should deny the defendant's request for a 60-month sentence and impose a low-end guideline range sentence.

### D. THE DEFENDANT'S REQUEST FOR A 60-MONTH SENTENCE IS INCONSISTENT WITH SENTENCES FROM SIMILARLY SITUATED DEFENDANTS.

The defendant pleaded guilty to receipt of child pornography and, in so doing, was spared two significant mandatory minimum sentences of 15 years (for production) and 10 years (for enticement). But his plea to receipt does not transform the nature of the underlying conduct here — which was attempted production and attempted enticement. Nor should the Court ignore the true nature of the underlying conduct in fashioning an appropriate sentence.

The defendant contends that the Court should essentially ignore the underlying conduct in this case and apply the "regular guideline for receipt of child pornography," because the 10-level increase between Guideline §2G2.1 and §2G2.2 "is not reasonable in light of [defendant's] specific conduct. No child pornography was ever produced in this case." Docket No. 56 at 4. What is more, even if defendant's argument was reasonable — which the government maintains it is not — he still asks for the bottom of *that* guideline range (57-71 months). At bottom, the defendant's argument that he is entitled to the significant downward departure of 60 months is based on the faulty premise that because his grooming

efforts failed to entice the child to send him child pornography, his conduct should not be taken as seriously by this Court. Defendant's argument constitutes a logical fallacy and a dangerous one at that. Defendants should not be rewarded when they have taken all the steps to commit a crime but failed to bring their criminal efforts to full fruition.

Indeed, this Court has sentenced defendants who plead to **possession** charges to 60 or more months. *See, e.g.*, *United States v. Kidder*, 21-cr-118 (72 months); *United States v. Browder*, 10-cr-00263 (78 months); *United States v. Rogers*, 19-cr-145 (60 months). To be certain, there is a spectrum of seriousness with respect to child exploitation crimes. But the defendant in this case does not fall at the beginning of that spectrum, which is how he is requesting to be treated. The defendant communicated with a live child, groomed her, repeatedly requested child pornography from her, instructed her to delete their communications, asked her to touch herself, and more. There can be no question that he is deserving of more than a 60-month sentence.

The defendant cites to the U.S. Sentencing Commission's Individual Offender Datafiles to further support his request for a 60-month sentence.[2] In doing so, the defendant asserts that between 2017-2021, there have been 12 "similarly situated defendants" – meaning "defendants convicted of receipt of child pornography, but where the production guidelines were used to calculate the guidelines range and who . . . have no criminal history." The defendant represents that 11 of those defendants received a non-guideline sentence. The defendant does not, however, state the terms of the non-guideline sentences. Nor does the

---

[2] The USAO WDNY does not have the software to process the datafiles. Accordingly, the undersigned is unable to verify the defendant's argument.

11

defendant make any effort to, *inter alia*, provide factual detail as to the 11 cases making it difficult to discern whether the defendants were truly similarly situated.

In contrast, at a general level, offenders who produce child pornography, which the defendant attempted to do here, receive sentences far higher than the 60-month sentence that the defendant requests. The United States Sentencing Commission publishes an Interactive Data Analyzer that looks at the sentences offenders receive throughout the country based on various criteria. *See* United States Sentencing Commission, "Interactive Data Analyzer," *available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard (last accessed March 8, 2023). Looking at federal offenders sentenced in the Western District of New York between fiscal years 2015 and 2020 under Sentencing Guideline 2G2.1, which encompasses the production of child pornography, and limiting the results to only those defendants who have a Criminal History category of I, the results are stark: offenders receive an average sentence of 192 months[3] with over 75% of offenders receiving a sentence of 120 months or more. *See id.* Performing the same analysis on a national level results in an average sentence of 253 months with over 90% of offenders receiving a sentence of 120 months or more. Accordingly, and similar to *United States v. Alvarez* cited above, the Court should deny the defendant's request for a 60-month sentence and, instead, sentence him to a low-guideline range sentence.

---

[3] And even this average is artificially deflated, as the Sentencing Commission treats all sentences of 470 months or more as a sentence of 470 months.

## **CONCLUSION**

For all the reasons stated above, the Court should sentence the defendant to a low-end guideline range sentence.

DATED: Buffalo, New York, March 10, 2023.

>TRINI E. ROSS
>United States Attorney
>
>BY: **/s Caitlin M. Higgins**
>CAITLIN M. HIGGINS
>Assistant United States Attorney
>United States Attorney's Office
>Western District of New York
>138 Delaware Avenue
>Buffalo, New York  14202
>716/843-5818
>Caitlin.Higgins@usdoj.gov